WALTER L. CAMPBELL *v.* OSCAR ROUBIEU—SALLY W. NOTT, et als., Garnishees.—ANDREW MCDOUGALL, Intervenor.

A wife separated in property from her husband, when sued upon an obligation contracted by herself, cannot, in bar to the action, plead that the decree of separation had not been advertised, and that no *fi. fa.* had issued upon her judgment; these objections might properly be raised by third parties.

APPEAL from the District Court of the Parish of DeSoto, *Creswell*, J. *Land & Winans*, for intervenor and appellant. *J. B. Elam*, for defendant.

COLE, J. The plaintiff, the judgment creditor of the defendant, *Roubieu*, caused a *fi. fa.* to issue on his judgment from the Fourth District Court of New Orleans, to the Sheriff of the parish of DeSoto, and garnisheed *W. C. Peyton*, and others; and afterwards, by an amended petition, garnisheed *Sally W. Nott* and *R. A. Nott*, her husband.

*R. A. Nott* answered, for himself and wife, the interrogatories propounded by plaintiff, as follows:

" That they are indebted to *Oscar Roubieu* in the sum of about two thousand dollars, more or less, the exact amount of which he will forward to the Clerk, before the trial of the case."

*Sally W. Nott*, denying the right of her husband to answer for her the interrogatories, answered, that to the best of her recollection, at the request of her husband, and with him, she signed a note in favor of *Oscar Roubieu* for about two thousand one hundred and eighty-seven dollars and fifteen cents, due about

57

the first of April, 1855, which she thinks is negotiable, and has been informed has been transferred." "That this is all the debt she ever owed *Roubieu.*"

*Andrew McDougal* intervened in the suit in garnishment; alleging himself to be the owner of the note, having obtained the same in the regular course of business, and prayed for judgment against her for its amount.

The liability of *Mrs. Nott* is the sole question, presented by the parties, for our solution.

She was, some years ago, separated in property from her husband.

The separation of property, her sole signature to the note, and the neglect to file an answer, when alone sued upon the obligation, denying the consideration to have accrued to the advantage of her separate estate, raise the presumption that the consideration of the note benefited solely herself.

This presumption becomes conclusive when conjoined with the recognition in her response to the interrogatories, that she owed to *Roubieu,* the payee, the debt created by the note.

It cannot abstract from the cogency of the conclusion, that the decree of separation was not advertised, and no *fi. fa.* issued. These are objections to be pressed more properly by third parties, than by the one whose duty was to have had the decree advertised, and the *fi. fa.* issued.

It is, therefore, ordered, adjudged and decreed, that the judgment be amended, as follows, to wit; That *Andrew McDougal,* the intervenor, recover of *Sally W. Nott,* two thousand one hundred and eighty-seven dollars and fifteen cents, with eight per centum interest thereon, from the first of April, 1855, until paid, less a credit of one hundred and eighty-eight dollars and fifty-six cents, paid April 4th, 1855, and the costs of his intervention.

It is further decreed, that the judgment, so amended, be affirmed, and that *Sally W. Nott* pay the costs of appeal.